UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA HATFIELD,

            Plaintiff,                    Civil Case No. 15-14354
                                            Honorable Linda V. Parker

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, a foreign
limited liability company, and
WEBER & OLCESE, P.C., a
Michigan Professional Corporation,

            Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 21]

      This action arises from a complaint filed by Defendant Portfolio Recovery Associates, LLC ("PRA") and Defendant Weber & Olcese, P.C. (collectively, "Defendants") against Plaintiff Brenda L. Hatfield alleging defaulted debts in Michigan state court. Shortly after the parties stipulated to a dismissal, Plaintiff filed the complaint initiating this matter. In her complaint filed on December 15, 2015, Plaintiff alleges two counts against PRA: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and (2) fraud. Presently before the Court is Defendant PRA's motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). The motions have been fully briefed. Finding

1

the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting Defendant PRA's motion.

## I. Standard for Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S.

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l*

3

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

## II.   Factual and Procedural Background

According to Plaintiff's complaint, Defendants routinely file collection lawsuits against consumers on alleged defaulted debts. (Compl. ¶ 5.) On June 18, 2015, Defendant PRA, through its counsel, filed a complaint against Plaintiff alleging that she was in default on a debt. (*Id.*) In her answer, Plaintiff replied that Defendant PRA could not bring its claim against her because it was an unlicensed foreign corporation in violation of the Michigan Limited Liability Company Act ("MLLCA"), Mich. Compl. Law § 450.5007, which governs the transaction of business within the state. (ECF No. 1-2 at Pg ID 58.) Shortly thereafter, Plaintiff and Defendant PRA stipulated to dismiss the prior proceeding without prejudice and costs to either party. (ECF No. 1-4.)

On December 15, 2015, Plaintiff brought this lawsuit as a putative class action on behalf of other Michigan consumers who were sued by Defendants for collection of an alleged debt in Michigan. (Compl. ¶ 20.) In the complaint, Plaintiff alleges three counts: (1) violation of the FDCPA against both Defendants; (2) violation of the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et*

4

*seq.*, against Defendant Weber & Olcese, P.C.; and (3) common law fraud against both Defendants. (ECF No. 1 at Pg ID 6-10.) More specifically, Plaintiff alleges that Defendants were in violation of MLLCA's provision that requires a foreign limited liability company transacting business in Michigan to obtain a certificate of authority. Mich. Comp. Law § 450.5007(1). Without the certificate of authority, Plaintiff contends that Defendants do not have the legal authority to bring actions against Michigan consumers within the state pursuant to the FDCPA and MRCPA. (Compl. ¶¶ 14, 17-18). Because of the alleged unlawful misrepresentation of legal authority, Plaintiff argues that Defendants "create[d] the illusion that PRA is clothed with legal authority to lawfully and legally prosecute lawsuit in Michigan when PRA does not and has the standing to sue in this State when it has not," in violation of the MLLCA and FDCPA. (*Id.* at ¶ 13.)

On May 31, 2016, Defendant PRA filed a motion for judgment on the pleadings. (ECF No. 21.) Plaintiff responded on June 21, 2016, including a note that Defendant Weber & Olcese, P.C. are no longer parties in this case.[1] (ECF No. 22 at Pg ID 147.) Defendant PRA filed a reply on July 12, 2016. (ECF No 25.)

**III. Applicable Law and Analysis**

    **A. Michigan Limited Liability Company Act**

---

[1] Plaintiff's opposition brief states that Defendant Weber & Olcese, P.C. has "been released from the case and an order of dismissal is pending." (ECF No. 22 at Pg ID 147.) The order of dismissal has not been filed with the Court as of this date.

Plaintiff argues that Defendants were in violation of the MLLCA by "transacting business" without a certificate of authority in support of their FDCPA claim.[2] Defendant PRA contends that it is not transacting business in Michigan and therefore is not required to have a certificate of authority. (ECF No. 21 at Pg ID 135.) Plaintiff disagrees, noting that Kevin Holst, an employee of Defendant PRA, is physically located in Michigan and therefore Defendant is "transacting business" within the state. (ECF No. 22 at Pg ID 147.) Therefore, this issue turns on the meaning of "transacting business."

The MLLCA was enacted to govern the organization and regulation of limited liability companies. M.C.L. § 450.5002 states that "[b]efore transacting business in this state, a foreign limited liability company shall obtain a certificate of authority from the administrator." *Id.* A foreign limited liability company that is transacting business without a certificate "shall not maintain an action, suit, or proceeding in a court of this state until it has obtained a certificate of authority." M.C.L. § 450.5007.

The Michigan Legislature provides guidance with a list of activities that are "not considered to be transacting business in [Michigan]." M.C.L. § 450.5008. On this list of activities that are not considered transacting business, the legislature included "maintaining, defending, or settling any proceeding." M.C.L. § 450.5008(1)(a).

---

[2] In its opposition brief, Plaintiff relies on *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014). In *Currier*, the Sixth Circuit indicated that a violation of state law could be a violation of the FDCPA. *Id.* at 537.

A foreign limited liability company that engages in "transacting business" within the state without a certificate of authority does not suffer an absolute bar from filing or defending an action against a party. The Michigan Legislature provided an opportunity for foreign limited liability companies transacting business within the state to cure the defect of not having a certificate of authority:

> An action commenced by a foreign limited liability company having no certificate of authority shall not be dismissed if a certificate of authority is obtained before the order of dismissal. Any order of dismissal shall be without prejudice to the recommencement of the action, suit, or proceeding by the foreign limited liability company after it obtains a certificate of authority.

M.C.L. § 450.5007(2).

The Court finds that Defendant PRA's activities within the state of Michigan fall squarely into the plain reading of M.C.L. § 450.5008(1)(a). The basis of Plaintiff's claim rests with the role of Mr. Holst, Defendant PRA's sole employee within Michigan. (ECF No. 22 at Pg ID 147.) Plaintiff alleges that Mr. Holst's role as an employee "includes filing lawsuits, processing and securing judgments," implying that Mr. Holst's actions do not fall within the statute's exemption to "transacting business." (*Id.*) Plaintiff does not attempt to distinguish Mr. Holst's role with the language for activities excluded from the meaning of "transacting business"—"maintaining, defending or settling any proceeding." M.C.L. § 450.5008(1)(a). Plaintiff also fails to provide legal authority to support that the commencement of a proceeding in Michigan qualifies as "transacting business" under

7

the meaning of the MLLCA. A plain reading of the statute indicates that it encompasses Mr. Holst's activities, and "it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning." *Caminetti v. United* States, 242 U.S. 470, 490 (1917).

For these reasons, this Court concludes that Defendant PRA was not required to have a certificate of authority because it was not engaged in "transacting business" in Michigan.

### B. FDCPA

"Congress enacted the FDCPA in order to eliminate 'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.' " *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (quoting 15 U.S.C. § 1692(a)). "The statute is very broad, and was intended to remedy 'what [Congress] considered to be a widespread problem.' " *Id.* (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). The statute proscribes certain conduct by debt collectors and requires debt collectors to provide consumers with specific information under certain circumstances. *See* 15 U.S.C. §§ 1692b-1692j.

The Sixth Circuit has adopted the "least-sophisticated-consumer" test for analyzing whether a debt collector's practice is deceptive. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998). This is an objective test, designed " 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.' " *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007) (quoting

*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). " 'Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.' " *Id*. at 509-10 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)) (brackets, internal quotation marks, and additional citations omitted).

Plaintiff alleges that Defendant PRA is "engaging in deceit by purposefully failing to register and obtain certificate of authority in violation of M.C.L.A. 450.5007." (ECF No. 22 at Pg ID 155.) Plaintiff directs the Court to 15 U.S.C. § 1692e(5), which states that a party is in violation of the statute if they "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). This claim rests on the same issue as Plaintiff's MLLCA claim— whether Defendant PRA was "transacting business" within the state and therefore required to have a certificate of authority. For the reasons discussed in Section III.A., Plaintiff's FDCPA claim also fails and Count I is dismissed.

### C. Fraud

In Count III of the complaint, Plaintiff purports to state a claim for fraud against Defendant PRA. However, Plaintiff fails to satisfy the heightened pleading requirements for stating her claim. A prima facie claim of fraud under Michigan law requires proof that:

9

> (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made [the representation] with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008). Beyond containing each of these elements, claims of fraud also must adhere to the pleading requirements set forth in Rule 9 of the Federal Rules of Civil Procedure.

Rule 9 provides that a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("As a sister circuit has phrased it," Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where, and how' of the alleged fraud.") (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Plaintiff's complaint falls woefully short of satisfying these requirements. Plaintiff fails to identify the specific fraudulent statements, who made the statements,

and when and where the statements were made. Therefore, Plaintiff fails to plead fraud or misrepresentation with the level of particularity required by Rule 9(b).

## IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff fails to allege viable MLLCA, FDCPA and fraud claims against Defendant PRA.

Accordingly,

**IT IS ORDERED** that Defendant PRA's motion for judgment on the pleadings (ECF No. 21) is **GRANTED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 31, 2017, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager